While I agree with the majority that it would have been the better practice for the trial court to follow the procedures outlined in Kala v. Aluminum Smelting Refining Co., Inc. (1998), 81 Ohio St.3d 1, I cannot find from the record that Appellant was prejudiced thereby.
In State v. Murphy (Nov. 17, 1988), Marion App. No. 9-87-35, unreported, this court applied a test similar to that advocated in Kala, supra, when considering the issue of whether the prosecutor and the prosecutor's office should be disqualified when the prosecutor had previously been invovled with the defendant's case as a private attorney. As an underlying consideration in that case, we recognized the differing relationships that exist between a private firm attorney, who has a financial interest in the success of a case, and a publicly employed prosecutor, whose interest in a case must only be to see that justice is accomplished. There, we found that while the attorney involved may not participate further in the case, the mere appearance of impropriety is not itself sufficient to warrant disqualification of an entire prosecuting attorney's office. Id.
Although I would acknowledge the error of the trial court herein in not conducting the hearing, I would find such error to be harmless. First, Slagle clearly disqualified himself from participating in the present action. Second, it is unlikely that Appellant could have shared any confidences relevant to the issues raised in the post-conviction relief motion since Appellant has alleged wrongdoing by the former prosecutor, information of which Appellant would have had little or no personal knowledge at the time that Slagle's partner, Ratliff, or perhaps even Slagle himself, represented him. Third, assuming arguendo, Slagle had relevant confidences to share, Appellant does not allege any prejudice resulting from any such disclosure that would be germane to the issues raised in his petition for post-conviction relief. Finally, a review of the entire record reveals no prejudice accruing to Appellant in his post-conviction proceeding as a result of Slagle being the prosecuting attorney of Marion County.
Therefore, I cannot find that Appellant's right to effective assistance of counsel and his right against self-incrimination have been implicated, let alone violated in this case. I would proceed to consider the remaining assignments of error.